## TAYLOR v. CARY–GLENDON COAL CO.

Court of Appeals of Kentucky.

May 4, 1951.

———◆———

Robert R. Boone, Pineville, for appellant.

Logan E. Patterson, James Wilson, Pineville, for appellee.

LATIMER, Justice.

Upon conclusion of plaintiff's evidence the Court peremptorily instructed the jury to find for the defendant. Plaintiff appeals challenging the correctness of that action.

The action is based upon paragraph 7 of the lease which expired in 1945 after having been in force and effect for forty years. Paragraph 7 reads:

"Seventh: Said party of the second part has the right at the termination of this lease to remove all the tools and fixtures including the machinery used in the operation of the said mines from said leased premises with the exception of the houses built thereon, during the continuance of this lease, but only upon the condition that all the royalties and rents are fully paid up and satisfied at the time  A lien is reserved upon the entire improvement and equipments of second party to secure the payment and royalties."

It appears that within the period the lease was in force and effect the defendant, appellee, had constructed eight houses and two barns on the leasehold. The lease expired July 31, 1945. About two years prior thereto Lucy Carmichael, the owner of the property from whom the defendant through mesne conveyances had obtained the leasehold, had died. Henry Taylor, the administrator of the estate of Lucy Carmichael, brought this action seeking damages for removing from the boundary or otherwise disposing of eight residences and two large barns without permission and against the will and consent of the owner. We note in the petition this specific allegation: "The said decedent was the owner of about thirty-seven acres of land located on ———— Creek, Bell County, Kentucky, which she, previous to her death leased to the defendant, a Delaware Corporation for use to —— day of ———— 1945, with right, among other things, to erect buildings, machinery and equipment thereon but with specific provisions that none of said buildings should be removed on or before the expiration of said lease contract. Said lease is recorded in Lease Book 49, page 196, et seq."

Only a casual reading of the allegations above respecting the lease and the lease itself reveals a variance. The lease nowhere provides that none of said buildings should be removed on or before the expiration of the lease contract. Granting that plaintiff intended to allege the specific provision of the lease, we shall keep that provision in mind together with the allegations that the residences and barns were removed therefrom upon the expiration of the lease

without permission and against the will of the owner.

We next look at the evidence. There is evidence that during the period of the effectiveness of the lease some of these houses were torn down by some of the tenants of the owner of the property and the materials therefrom used to repair others on the leasehold. There is little or no evidence that the defendant tore down or removed any of this property, and no evidence whatsoever that any was torn down or removed after the expiration of the lease. There is evidence that some of the houses were torn down by one of her tenants with her expressed consent and the lumber used to improve another of her houses. Mr. P. M. Sherwin, engineer and land agent for the company, in testifying about the removal of some of the houses testified that they did not permit the removal of any without the permission of Mrs. Carmichael.

True, plaintiff below showed by adequate proof that there was a removal of the houses and barns. He apparently was content to rest there in the belief that the responsibility then shifted to the defendant to show that any removal fell within an exception. In support of that view 51 C.J.S., Landlord and Tenant, § 416, is cited, supported by Powell v. John E. Hughes Orphanage, 148 Va. 331, 138 S.E. 637. We need only to call attention to the fact that the rule enunciated in the above is applicable where property is received by lessee under a lease with the attaching obligation to return that property in the same condition as received with the ordinarily included exceptions. Upon failure to do this the burden is upon the lessee to show reason for such failure.

Such is not this case. Here the defendant during the period of leasehold had the right to erect buildings upon the leasehold for the purpose of its use and trade with no provision as to what should be done with this property during the life of the leasehold; but upon expiration of the lease, the lessee could remove tools and equipment but could not remove the buildings from the leasehold.

The matter finally resolves itself thus: There is adequacy of proof to show that the property involved was removed or disposed of either before or after the termination of the lease by someone, some of it with the owner's consent and the materials used in repairing other buildings belonging to owner; possibly some of it by appellee, using the materials therefrom on the leasehold, but certainly there is no proof to show that the removal or disposition of any of the property was made without the knowledge or consent nor against the will of Mrs. Carmichael.

The court properly gave the peremptory instruction. The judgment is affirmed.